# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MARILYN SEAY PROPST, *et al.*, <br><br> *Plaintiffs*, <br> v. <br><br> THE STATE OF WEST VIRGINIA, *et al.*, <br><br> *Defendants*. | CASE NO. 3:23-cv-00054 <br><br> MEMORANDUM OPINION <br> AND ORDER <br><br> JUDGE NORMAN K. MOON |

Plaintiff Marilyn Seay Propst, proceeding *pro se*, commenced this action against the State of West Virginia, the State of Georgia, Dominion Property Resources, Jerry Moore, Jeff Bowers, Paul G. Taylor, and George Sponagle, by filing a complaint as well as an application to proceed *in forma pauperis*. Dkts. 1, 2. Plaintiff also purports to file this case on behalf of numerous others.[1] Plaintiff alleges that she is owed alimony and that the State of Georgia violated her Constitutional rights. Dkt. 2 at 2, 5. It is unclear what Plaintiff's grievance is against West Virginia. The Court will grant the application to proceed *in forma pauperis* but dismiss the complaint due to failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

---

[1] Both because the Complaint is unclear about how the other plaintiffs' rights might be implicated and because an individual filing a *pro se* suit must litigate on only her own behalf, the Court will address the claims as they relates to Marilyn Seay Propst, the filing Plaintiff. *See Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for *oneself,* however, does not create a coordinate right to litigate for *others.*") (emphasis in original).

1. *The complaint fails to state a claim*

The complaint fails to state a plausible claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B) (applicable to *in forma pauperis* proceedings); *Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006) (stating that 28 U.S.C. § 1915(e) governs *in forma pauperis* filings, as well as complaints filed by prisoners, and permits district courts to, on their own motion, dismiss *in forma pauperis* complaints that are frivolous, malicious, or fail to state a claim).

To state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), accepting all well pleaded factual allegations in the complaint as true and taking all reasonable inference in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). A court need not accept as true "legal conclusions, elements of a cause of action, … bare assertions devoid of further factual enhancement, … unwarranted inferences, unreasonable conclusions, or arguments." *Richardson v. Shapiro*, 751 F. App'x 346, 348 (4th Cir. 2018) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks omitted)). Courts are to construe the filings of *pro se* litigants liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1970), but nonetheless, a *pro se* complaint must state a plausible claim to relief, *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff alleges that "Virginia need to receive 5 Million from the State of Georgia for Violating my Constitutional Due Process Rights in 7 other U.S.A. States since 1993." Dkt. 2 at 5 (sic). Having studied the Complaint and additional exhibits, the Court cannot discern what rights Plaintiff alleges to be violated, or how that violation would have occurred. Even after giving the

Complaint the liberal reading which *pro se* filings are afforded, the Court would have to invent facts itself to support a plausible claim.

Moreover, as to Plaintiff's claims against the State of Georgia and the State of West Virginia, "it is established that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Employees of Dep't of Pub. Health & Welfare, Missouri v. Dep't of Pub. Health & Welfare, Missouri*, 411 U.S. 279, 280 (1973); *see also Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 248 (4th Cir. 2012). There are three exceptions to that constitutional bar. *Lee-Thomas*, 666 F.3d at 249. None appear implicated on the face of the complaint. *See* Dkt. 2 at 2, 4–5. This presents an additional bar to Plaintiff's claim as to the State defendants.

Plaintiff separately alleges that she is owed $90,000 in alimony and child support stemming from a 1995 divorce. Dkt. 2 at 2. One of the fragmented exhibits filed by Plaintiff appears to indicate that she was *not* awarded financial support at the time of the divorce.[2] Dkt. 3 at 4. There are no alleged facts on which the Court can base a finding that the Plaintiff has stated a federal claim against any of the private defendants. Additionally, the alimony claim suffers from a jurisdictional problem discussed below.

2. *The complaint fails to establish federal jurisdiction over the alimony claim*

Courts have an independent duty to ensure that jurisdiction is proper. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The Court "must dismiss" and action "[i]f the court determines at any time that it lacks subject matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "Accordingly,

---

[2] The Court received further exhibits on October 17, 2023. Dkt. 4. They appear to be a collection of filings by Plaintiff in various state courts in matters related to her divorce, as well as a Motion to Dismiss filed in Pendleton County, W.Va., by the defendant in another lawsuit filed by Plaintiff. The additional filing does not fix the pleading deficiencies outlined in this Memorandum Opinion.

questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). "Federal courts are courts of limited jurisdiction. They only possess that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Consequently, "there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Instead, "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Id.*; *see also Kokkonen*, 511 U.S. at 377 (explaining that the burden of establishing jurisdiction rests on the party asserting jurisdiction). Subject matter jurisdiction is present where the well pleaded allegations in the complaint raise a federal question under 28 U.S.C. § 1331 or the parties meet the diversity and amount in controversy requirements under 28 U.S.C. § 1332.

As is noted above, Plaintiff brings suit with the allegation that she is owed $90,000 in alimony and child support. Dkt. 2 at 2. The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Because the only claim in the Complaint that is supported by any discernible fact allegations is a claim for the award of alimony and child support, and Plaintiff's complaint does not raise any federal question under 28 U.S.C. § 1331, the Court lacks jurisdiction over this case and must dismiss the Complaint.

For these reasons, the Court will **GRANT** Plaintiff's motion to proceed *in forma pauperis*, Dkt. 1, but **DISMISS** Plaintiff's complaint, Dkt. 2, for lack of subject matter jurisdiction and failure to state a claim.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and Order to Plaintiff.

Entered this 18th day of October, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE